McKinney, J.,
delivered the opinion of the Court.
*24 This is a writ of error issued by the Clerk of this Court in vacation, upon the transcript of the record being filed in his office, and bond given as required by law, pursuant to section 8177 of the Code. A motion has been entered by the defendant in error, to dismiss the writ of error, on the ground of the plaintiff’s non-compliance with the provision of section 3188, requiring that “ five days’ notice in writing shall be given to the adverse party of the intention to apply for the writ.”
The argument in support of the motion assumes, that this notice is a necessary preliminary step, precedent to the application for a writ of error, in all cases ; and, consequently, that the writ cannot be regularly issued until after the expiration of five days from service of such notice. In our judgment, this is not the proper construction of the law. However plausible it may seem, upon a literal reading of the section, it would lead to consequences so incongruous and absurd, that it is not to be supposed that such was the intention of the Legislature.
This provision of the Code, and indeed all its provisions in regard to the mode of prosecuting writs of error to the Supreme Court, are, in substance, but a re-enactment of the provisions of the law as they previously existed. Various methods are prescribed for obtaining a writ of error. It may be obtained, as in the present case, from the Clerk of the Supreme Court, within one year after the judgment or decree, sought to be reversed, by simply filing a transcript of the record in his office in vacation, and giving bond as required by law. See section 3177, which substantially incorporates the provisions of the act of 1811, ch. 72, sec. 12. Or, the writ may be granted by order of the Supreme Court, in term time ; or, by any one of the Judges of said Court, in vacation.
Whichever of these modes may be pursued, there can be no question that notice to the adverse party is made alike necessary; this is conceded. The point to be determined is, whether the notice must necessarily precede the application for the writ of error ; or, may not be given after it has been applied for and obtained. We are led to the conclusion that *25 the latter is the correct construction, in view of the obvious reason and object of this requirement of the statute, which, in general, must control the literal import of words.
The object could not have been, to entitle the adverse-party to appear and resist the issuance of the writ. The prosecution of a simple writ of error, is as much a matter of right as is the prosecution of an appeal. Under our system, the right to pursue either remedy, at the party’s own peril, cannot be questioned or gainsaid. There would have been no sense, therefore, in providing that the adverse party should have an opportunity of appearing before the clerk when the writ was applied for, the latter having no discretion to judge of the propriety of the application, or to refuse it. And this may, perhaps, be said also in respect' to an application for a writ of error merely, made to a single Judge of the Supreme Court.
Where, in addition to a writ of error, a supersedeas is likewise desired, there would be more reason in allowing the adverse party an opportunity of appearing before the Judge to whom the application is made, to show cause against the issuance of a supersedeas. Yet it cannot be supposed that it was contemplated by the Legislature, that the merits of the case should be discussed and adjudged by a single Judge, at Chambers, upon an application for a supersedeas.
A writ of error is regarded, in law, as a new suit. And like all other suits, may be commenced by the party, at his own peril, without notice to the adverse party. But, as in all other suits, the defendant must bé notified of the pendency of the suit, and have a day in Court to make his defence. And the five days’ notice prescribed in the Code, is the process and mode deemed proper by the Legislature for bringing the defendant in error into the Appellate Court. Such, in our judgment, is the intention of this requirement, and the pi'oper construction to be given to it. And the effect is, that the defendant is not to be considered in Court until the service of such notice, nor can the case be heard until after the expiration of five days from the time of service thereof.
*26 This provision of the Code, with some modification, is copied from the act of 1794, ch. 1, sec. 37. But, although the provision of the latter act is more stringent in its terms than that re-enacted in the Code, yet since the passage of the act of 1811, ch. 72, sec. 12, a practice had grown up silently, which had been sanctioned by this Court, that it was sufficient if notice had been issued by the Clerk of the Supreme Court, after filing of the record in his office. And in view of this course of practice, and in accordance therewith, we suppose the provision of the Code was adopted, and intended to be understood.
It follows, that the motion must be disallowed.